Nancy L. Vincent, Assistant State Public Defender, St. Louis, MO, for appellant.

**STATE of Missouri, Respondent,**

v.

**Pamela VOIGTS, Appellant.**

**No. ED 80929.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 17, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 2003.

Seth D. Shumaker, Kirksville, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Asst. Attorney General, Jefferson City, MO, for Respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### ORDER

PER CURIAM.

Pamela Voigts (appellant) appeals her conviction of the class C felony of possession of a controlled substance in violation of Section 195.202 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise indicated). Following a bench trial, the trial court sentenced appellant to five (5) years of imprisonment in the Missouri Department of Corrections.

On appeal, appellant contends the trial court erred in: (1) admitting evidence gathered from the May 19, 2000, traffic stop of appellant and overruling appellant's motion to suppress, and thus in convicting appellant for possession of a controlled substance, because that traffic stop was pretextual and thus in violation of appellant's Fourth Amendment rights in that the State patrolman who made the stop had other motivation for making the stop; (2) admitting evidence of statements made by appellant and thus in convicting appellant of possession of a controlled substance, because the admission of these statements was in violation of her constitutional rights in that the State did not meet its burden of proving that appellant waived her *Miranda* rights; (3) admitting over proper timely objection appellant's prior misdemeanor convictions in that there was no evidence showing that the person who committed the misdemeanor offenses was the same person as appellant and there was no purpose in admitting such evidence as the State declared it was using such evidence to take punishment away from the jury and appellant had previously waived her right to a jury trial and did not take the stand; and (4) allowing the State to proceed with examination because the State did not give a sufficient opening statement and thus appellant was prejudiced in that it did not inform appellant of the contemplated course of the prosecution including, but not limited to, what objects allegedly contained methamphetamine and/or residue in order that appellant could meet the charges against him.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting detailed facts and restating principles of law would have no precedential value. We affirm pursuant to Rule 84.16(b).